UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ARTHUR L. HAIRSTON,      : CIVIL NO: 1:11-CV-01379
                                  :
            Plaintiff       :
                                  : (Judge Jones)
        v.                  :
                                  : (Magistrate Judge Smyser)
HARLEY LAPPIN, *et al.,*      :
                                  :
            Defendants     :

## REPORT AND RECOMMENDATION

The plaintiff, a federal prisoner, complains about the medical care that he received from 2001 to the present at three different federal institutions.  The complaint fails to state a claim upon which relief may be granted against a number of the defendants, and a number of the claims are barred by the statute of limitations.  Also some of the claims should be severed and transferred to the United States District Court for the District of New Jersey.  As to the remaining claims, we recommend that the court remand the case to the undersigned for further proceedings.

I. Background and Procedural History.

The plaintiff, a federal prisoner proceeding *pro se*, commenced this *Bivens*[1] action by filing a complaint.  He also filed an application for leave to proceed *in forma pauperis*.

The complaint names the Bureau of Prisons, fifteen federal prison officials or employees, and four unidentified individuals as defendants.  The complaint concerns the medical care that the plaintiff received from 2001 to the present for a back condition at three different federal institutions.  The plaintiff complains about the medical care that he received at the Federal Correctional Institution at Schuylkill from 2001 to 2004, the medical care that he received at the Federal Correctional Institution at Fort Dix from 2004 to early 2010, and the medical care that he has received at the Federal Correctional Institution at Allenwood from 2010 to the present.

By an Order dated August 12, 2011, we granted the plaintiff's application to proceed *in forma pauperis,* and we reviewed the complaint as required by 28 U.S.C. § 1915A.  We

---

1.  *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

determined that the complaint was deficient in a number of
respects.  We granted the plaintiff leave to file an amended
complaint.  But the plaintiff refused to do so.  Instead, he
indicates his intent to stand on his original complaint. *See
Doc. 10.*[2]


II.  Pleading Standards.


        "Under Federal Rule of Civil Procedure 8(a)(2), a
pleading must contain a 'short and plain statement of the claim
showing that the pleader is entitled to relief.'" *Ashcroft v.
Iqbal,* 129 S.Ct. 1937, 1949 (2009).  The statement required by
Rule 8(a)(2) need only give the defendant fair notice of what
the plaintiff's claim is and the grounds upon which it rests.
*Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed factual
allegations are not required. *Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 555 (2007).  But more is required than labels,
conclusions and a formulaic recitation of the elements of a

---

2.  Document 10 is the plaintiff's response to the Order of August
12, 2011.  Along with that document, the plaintiff submitted
another copy of his original complaint, which the Clerk of Court
mistakenly docketed as an amended complaint. *See Doc. 11.*

cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

4

Federal Rule of Civil Procure 20(a) provides that persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . .  any question of law or fact common to all defendants will arise in the action."

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

We review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening.**- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental

entity or officer or employee of a
governmental entity.
    **(b) Grounds for dismissal**.- On review,
the court shall identify cognizable claims or
dismiss the complaint, or any portion of the
complaint, if the complaint-
    (1) is frivolous, malicious, or fails to
state a claim upon which relief may be
granted; or
    (2) seeks monetary relief from a
defendant who is immune from such relief.

A. Claims Against the Federal Bureau of Prisons.

A *Bivens* action can be brought only against individual
officials and not against a federal agency. *FDIC v. Meyer*, 510
U.S. 471, 486 (1994).  So, the complaint fails to state a claim
upon which relief may be granted against the Bureau of Prisons.

B. Claims Against Defendants Lappin, Watts, and
Norwood.

The complaint fails to sufficiently allege personal
involvement on the part of defendants Lappin, Watts, and
Norwood.  It also fails to allege facts from which it can
reasonably be inferred that these defendants were deliberately

indifferent to the plaintiff's serious medical needs in
violation of the Eighth Amendment.

Liability in a *Bivens* action may not be based on
*respondeat superior. Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1948
(2009). "Liability based on *respondeat superior* arises 'solely
on the basis of the existence of an employer-employee
relationship,' regardless of whether the employer had any part
in causing harm." *Santiago v. Warminster Twp.,* 629 F.3d 121,
128 (3d Cir. 2010)(quoting *Monell v. Dep't of Soc. Services of
New York,* 436 U.S. 658, 692 (1978)). "Because vicarious
liability is inapplicable to *Bivens* and § 1983 suits, a
plaintiff must plead that each Government-official defendant,
through the official's own individual actions, has violated the
Constitution." *Ashcroft*, *supra,* 129 S.Ct. at 1948. "[E]ach
Government official, his or her title notwithstanding, is only
liable for his or her own misconduct." *Id.* at 1949.

There are two viable theories of supervisory liability.
*Santiago*, *supra,* 629 F.3d at 129 n.5. Under the first theory,
a supervisor can be liable if he or she established and
maintained a policy, practice or custom which directly caused

7

the constitutional harm. *Id.* Under the second theory, a supervisor can be liable if he or she participated in violating the plaintiff's rights, directed others to violate the plaintiff's rights or as the person in charge had knowledge of and acquiesced in his or her subordinates' violations of the plaintiff's rights. *Id.*

A prison official is not deliberately indifferent to a prisoner's medical needs in violation of the Eighth Amendment simply because he or she failed to respond to a prisoner's medical complaints when the prisoner was already being treated by a prison doctor. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). "Absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

The plaintiff alleges that he was denied medical treatment for nonmedical reasons. He alleges that defendant Lappin, the former director of the Bureau of Prisons, testified

before a House subcommittee that overcrowding decreased his ability to among other things provide medical care to inmates. But the plaintiff has not alleged any facts which would lead to a reasonable inference that defendant Lappin was personally involved in his medical care.  Nor has he alleged any facts which would lead to a reasonable inference that defendant Lappin had a reason to believe or actually knew that prison medical staff were mistreating or not treating the plaintiff. So, the complaint fails to state a claim upon which relief may be granted against defendant Lappin.

The plaintiff alleges that he addressed letters and requests regarding his medical needs to defendants Watts and Norwood.  But again the plaintiff has not alleged any facts which would lead to a reasonable inference that these defendants were personally involved in his medical care.  Also, although he alleges that he wrote to these defendants, he does not allege what he wrote.  He has not alleged any facts which would lead to a reasonable inference that these defendants had a reason to believe or actually knew that prison medical staff were mistreating or not treating the plaintiff.  Thus, the

complaint fails to state a claim upon which relief may be granted against defendants Watts and Norwood.


   C.  Claims Based on Medical Care at FCI-Schuylkill.


   The plaintiff complains about the medical care that he received at the Federal Correctional Institution at Schuylkill from 2001 to 2004.  The plaintiff's claims regarding that care are barred by the statute of limitations.


   The statute of limitations applicable to a *Bivens* claim is the state statute of limitations for personal injury claims. *Napier v. Thirty of More Unidentified Federal Agents*, 855 F.2d 1080, 1087-88 n.3 (3d Cir. 1988).  In Pennsylvania, that statute defines a two-year limitations period. *See Fitzgerald v. Larson*, 769 F.2d 160, 162 (3d Cir. 1985).  The limitations period begins to run when the plaintiff knows or has reason to know of the injury that constitutes the basis for the action. *Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir. 1982)(per curiam).  Although the statute of limitations is an affirmative defense, the court may *sua sponte* dismiss claims under the

10

screening provisions of § 1915 "where the defense is obvious from the complaint and no development of the factual record is required." *Smith v. Delaware County Court,* 260 Fed.Appx. 454, 455 (3d Cir. 2008).

The claims (Counts 15 and 16 of the complaint) based on the medical care that the plaintiff received while at FCI-Schuylkill from 2001 to 2004 accrued more than two years before the plaintiff commenced this action.  The plaintiff, however, contends that those claims are part of a continuing violation and, thus, are not barred by the statute of limitations.

The continuing violation doctrine is most frequently applied in employment discrimination cases. *Cowell v. Palmer Twp.,* 263 F.3d 286, 292 (3d Cir. 2001).  But it may be applied in other contexts as well. *Id.*  Under the continuing violation doctrine, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." *Id.* (quoting *Brenner v. Local 514, United Bhd. of Carpenters*

11

*and Joiners of Am.,* 927 F.2d 1283, 1295 (3d Cir. 1991)).  The

plaintiff must show that the defendant's conduct is part of a

continuing practice and is more than the occurrence of isolated

or sporadic acts. *Rush v. Scott Speciality Gases, Inc.*, 113

F.3d 476, 481 (3d Cir. 1997).  Several factors are relevant to

the determination of whether a plaintiff has demonstrated a

continuing violation:

> (1) subject matter - whether the violations
> constitute the same type of discrimination,
> tending to connect them in a continuing
> violation; (2) frequency - whether the acts are
> recurring or more in the nature of isolated
> incidents; and (3) degree of permanence -
> whether the act had a degree of permanence
> which should trigger the plaintiff's awareness
> of and duty to assert his/her rights and
> whether the consequences of the act would
> continue even in the absence of a continuing
> intent to discriminate.

*Cowell, supra,* 263 F.3d at 292.  The focus of the continuing

violation doctrine is the affirmative acts of the defendant.

*Id.* at 293.


The continuing violation theory does not save the

claims based on the medical care that the plaintiff received at

FCI-Schuylkill from 2001 to 2004.  The alleged incidents of

improper care from 2001-2004 are discrete actions which bear no

connection to the later acts of improper care while the

plaintiff was at a different institution and was being cared
for by different medical professionals.  There is no basis to
reasonably assume that the FCI-Schuylkill defendants - Warden
Nash and Dr. Ross - had any contact with the plaintiff or any
involvement with his medical care after he was transferred from
FCI-Schuylkill or that they had any power to affect his medical
care after he was transferred from FCI-Schuylkill.  Although
the plaintiff claims that he received inadequate medical care
at subsequent institutions, that medical care is not part of a
continuing practice by the FCI-Schuylkill defendants.  Thus,
the plaintiff's claims based on the medical care that he
received while at FCI-Schuylkill from 2001 to 2004 are barred
by the statute of limitations.


          D.  Claims Based on Medical Care at FCI-Fort Dix.


          The plaintiff complains about the medical care that he
received at FCI-Fort Dix from 2004 to early 2010.


          The claims against the FCI-Fort Dix defendants (Warden
Zickfoose, Dr. Lopez, Dr. Sulayman, Dr. Chung, Dr. Foster,

physican's assistant Sanjantin, and unknown phsycian's
assistants) do not arise out of the same transaction,
occurrence, or series of transactions or occurrences as the
claims against the FCI-Allenwood defendants.  The plaintiff
alleges the denial of medical care at both FCI-Fort Dix and
FCI-Allenwood.  But the medical care provided at one
institution by one group of defendants cannot reasonably be
seen to arise from the same transaction, occurrence, or series
of transactions or occurrences as the medical care provided at
other institutions by other defendants.  So, the claims against
the FCI-Fort Dix defendants are not properly joined in this
case under Fed.R.Civ.P. 20(a).

Since the claims against the FCI-Fort Dix defendants
are not properly joined to the claims against the FCI-Allenwood
defendants in this case under Fed.R.Civ.P. 20(a), the claims
against the FCI-Fort Dix defendants should be severed under
Fed.R.Civ.P. 21.

The FCI-Fort Dix defendants are likely to reside in New
Jersey rather then this district.  And all of the events
underlying the claims against the FCI-Fort Dix defendants

14

occurred in New Jersey.  Thus, the most appropriate venue for
the claims against the Fort Dix defendants is New Jersey.
Thus, we will recommend that the claims (Counts 6, 8, 9, 10,
11, 14, and 17) against the Fort Dix defendants be transferred
under 28 U.S.C. § 1404 to the United States District Court of
the District of New Jersey.


IV.   Recommendations.


     Based on the foregoing, we recommend that the court
dismiss Count 1 (against the Bureau of Prisons), Counts 2, 3,
and 4 (against defendants Lappin, Norwood, and Watts), and
Counts 15 and 16 (against the FCI-Schuylkill defendants) of the
complaint.  We further recommend that the court sever Counts 6,
8, 9, 10, 11, 14, and 17 (against the Fort Dix defendants) of
the complaint from this case and transfer those claims to the
United States District Court of the District of New Jersey.

15

Finally, we recommend that the court remand the case to the

undersigned for further proceedings.[3]


                                        */s/ J. Andrew Smyser*
                                        J. Andrew Smyser
                                        Magistrate Judge


Dated:  September 14, 2011.

_____

3.  By a separate order, we have ordered that the complaint be
served on defendants Scism, Miller, Spotts, and Ali, the remaining
named defendants from FCI-Allenwood.

16