IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR L. HAIRSTON, | : | 1:11-CV-1379 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. J. Andrew Smyser |
| HARLEY LAPPIN, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

### October 25, 2011

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Doc. 14), filed on September 15, 2011. Magistrate Judge Smyser recommends that the complaint be dismissed as against certain Defendants for failure to state a claim upon which relief can be granted and that a number of the claims be dismissed because they are barred by the statute of limitations. The Magistrate Judge also recommends that some of the claims be severed and transferred to the United States District Court for the District of New Jersey. Finally, Magistrate Judge Smyser recommends that the remaining claims be remanded to him for further proceedings. *Pro se* Plaintiff Arthur L.

1

Hairston ("Plaintiff" or "Hairston") filed objections to the R&R (Doc. 15) on September 26, 2011. Accordingly, this matter is ripe for our review.

For the reasons that follow, we shall adopt the Magistrate Judge's recommendation in part and reject it in part, to the extent reflected herein.

## I.   BACKGROUND

Plaintiff, a federal prisoner, commenced this *Bivens*[1] action by filing a complaint. He also filed an application for leave to proceed *in forma pauperis*. The complaint names the Bureau of Prisons, fifteen federal prison officials or employees, and four unidentified individuals as Defendants. The allegations in the complaint concern the medical care that the Plaintiff received from 2001 to the present for a back condition at three different federal institutions. The Plaintiff complains about the medical care he received at the Federal Correctional Institution at Schuylkill ("FCI-Schuylkill") from 2001-2004, at the Federal Correctional Institution at Fort Dix ("FCI-Fort Dix") from 2004 to early 2010, and at the Federal Correctional Institution at Allenwood ("FCI-Allenwood") from 2010 to the present.

By Order dated August 12, 2011, Magistrate Judge Smyser granted the Plaintiff's *in forma pauperis* application and reviewed the complaint as required by

---

[1] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

28 U.S.C. § 1915A. Magistrate Judge Smyser determined that the complaint was deficient in various areas, thus he granted the Plaintiff leave to file an amended complaint, however the Plaintiff refused to do so, indicating his intent to stand on his original complaint. (Doc. 10).

Thereafter, Magistrate Judge Smyser issued the instant R&R, reviewing the original complaint under 28 U.S.C. § 1915A.[2] He recommends that the Plaintiff's claims be dismissed against Defendants Lappin, Watts and Norwood because Plaintiff has failed to sufficiently allege the personal involvement on the part of these Defendants to state a *Bivens* claim. Magistrate Judge Smyser also recommends that the claims related to Plaintiff's medical care at FCI-Schuylkill, which took place from 2001 to 2004, be dismissed because those claims arose outside of the applicable statute of limitations and that Plaintiff's allegations concerning his treatment at FCI-Fort Dix be severed and that those claims be transferred to the District of New Jersey. Finally, Magistrate Judge Smyser requests that this matter be remanded to him to conduct further pre-trial proceedings. As noted above, Hairston has filed timely objections to the Magistrate Judge's R&R.

## II.   STANDARD OF REVIEW

---

[2] Magistrate Judge Smyser sets forth the protocols for screening a complaint under section §1915A at pages 5-6 of the R&R.

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

### III. DISCUSSION

Within his objections, the Plaintiff objects to all of the Magistrate Judge's recommendations. He argues that his complaint contains sufficient factual averments to state claims against the Defendants that Magistrate Judge Smyser recommends be dismissed. He also asserts that the claims related to his treatment at FCI-Schuylkill from 2001 to 2004 are part of a continuing violation, thus they are not barred by the statute of limitations. Finally, Hairston argues that the FCI-Fort Dix claims should not be severed and transferred to the District of New Jersey

because they are also part and parcel of a continuing violation related to his treatment for his back problems at the hands of Bureau of Prisons officials.

We agree with the Magistrate Judge with respect to his recommendation of dismissal as to Defendant Lappin, the former director of the Bureau of Prisons, for lack of personal involvement with the Plaintiff's claims.  Within his complaint, at paragraphs 33 to 36, Plaintiff makes general allegations that Lappin was aware that Plaintiff was being denied "recommended medical treatment" for "non-medical reasons," because Lappin had testified before "the House Subcommittee stating that over-crowding has decreased his ability to provide medical care among other things."  (Doc. 1, ¶ 36).  Plaintiff makes no allegation that Lappin knew or had reason to know that Plaintiff himself was being denied medical care, only that Lappin had previously expressed that prison over-crowding prevented adequate medical care of inmates in general.  It is well established that liability in *Bivens* actions generally cannot be based on *respondeat superior*, and that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).  Plaintiff has not done so here, with respect to Defendant Lappin.  Accordingly, we shall adopt Magistrate Judge Smyser's recommendation that the action be dismissed as against Defendant Lappin.

We do not agree, however, with Magistrate Judge Smyser's recommendation of dismissal as against Defendants Watts and Norwood. Plaintiff alleges that he addressed letters and requests to these Defendants regarding his medical needs. Magistrate Judge Smyser concludes that Plaintiff has not alleged any facts that give rise to a reasonable inference that these Defendants were personally involved to provide a basis for *Bivens* liability. We are not quite so confident as the Magistrate Judge in this conclusion, and believe that these claims should be subject to discovery to determine the level of personal involvement of these Defendants. Accordingly, we shall reject the Magistrate Judge's recommendation on this point.

Now we turn to Magistrate Judge Smyser's recommendation that the Plaintiff's claims concerning medical treatment that took place at FCI-Schuylkill from 2001 to 2004 be dismissed as barred by the statute of limitations.[3] Plaintiff maintains that the treatment he received during those years is not barred by the statute of limitations because of his denial of medical care claims are part of a continuing violation.[4] Magistrate Judge Smyser concludes that there is no

---

[3] The statute of limitations applied to *Bivens* claims in Pennsylvania is two years. *See Fitzgerald v. Larson*, 769 F. 2d 160 (3d C ir. 1985).

[4] Under the continuing violation doctrine, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such instance, the court will grant relief for the earlier related acts that would otherwise be time-barred." *Cowell v. Palmer Twp.*, 263 F. 3d 286, 292 (3d Cir. 2001)(quoting *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F. 2d 1283, 1295 (3d Cir. 1991)).

reasonable basis to assume that the FCI-Schuylkill Defendants, including Warden Nash and Dr. Ross, had any contact with Plaintiff or any involvement with his medical care after he was transferred from that institution.  We respectfully disagree.  While it is more than likely true that these Defendants had no contact with the Plaintiff after his departure from their institution, we cannot so quickly surmise that their conduct with Plaintiff that occurred at FCI-Schuylkill had no involvement or bearing on Plaintiff's further medical treatment by other BOP officials.  For example, notes or records by the FCI-Schuylkill Defendants that were deposited in Plaintiff's file likely traveled with him to FCI-Fort Dix and it is possible that his treatment there was based upon the recommendations of the FCI-Schuylkill Defendants.  This is, of course, all conjecture and speculation on the part of the Court, but nonetheless demonstrates the possibility that the events that occurred at FCI-Schuylkill might be considered related to later events to such an extent that they are part of a continuing violation.  Accordingly, we shall not dismiss the FCI-Schuylkill claims.

Finally, we must address the Magistrate Judge's recommendation that the FCI-Fort Dix claims be severed and transferred to the District of New Jersey.  Because we have now ruled that the FCI-Schuylkill claims can remain based on the Plaintiff's assertion of the continuing violation theory, we shall not sever and

transfer the FCI-Fort Dix claims for essentially the same reason.  If is evident that Plaintiff is proceeding on the theory that all of his claims are part and parcel of a continuing violation, thus to sever the FCI-Fort Dix claims would force the Plaintiff, a *pro se* prisoner, to litigate the claims piecemeal.  We find this to be too onerus a burden to place on Plaintiff, thus we shall not sever and transfer the claims.

Accordingly, based on all of the foregoing, we shall dismiss the Plaintiff's claims against Defendant Lappin and shall remand all of the other claims to Magistrate Judge Smyser for further pre-trial management.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation (Doc. 14) of Magistrate Judge Smyser is **ADOPTED** in part and **REJECTED** in part to the following extent:

    a. Plaintiff's complaint is **DISMISSED** as against Defendant Lappin and the Clerk shall terminate Defendant Lappin as a party to this action.

    b. All of the remaining claims are **REMANDED** to Magistrate Judge Smyser for pre-trial proceedings.

s/ John E. Jones III
John E. Jones III
United States District Judge